**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PERSONAL KEEPSAKES, INC.** | ) | |
| **d/b/a POETRYGIFT.COM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:11-cv-05177** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Virginia M. Kendall** |
| **PERSONALIZATIONMALL.COM, INC.,** | ) | |
| **TECHNY ADVISORS, LLC,** | ) | **Magistrate Judge Arlander Keys** |
| **ABERNOOK, LLC, and** | ) | |
| **DOE I through DOE V,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION OF TECHNY ADVISORS, LLC TO DISMISS COUNTS I – V
OF PLAINTIFF'S COMPLAINT**

Defendant Techny Advisors, LLC. ("Techny") hereby joins in and adopts the concurrently filed Motion of PersonalizationMall.com Inc. ("PMall") To Dismiss Counts I – V of Plaintiff's Complaint For Failure To State A Claim Upon Which Relief Can Be Granted and its related Memorandum in support thereof (*See* ECF Nos. 32 and 33). Techny so moves under Fed.R.Civ.P. Rule 12(b)(6) on the basis that Plaintiff's Complaint makes no particularized allegation applicable to Techny that dispels the basis of the PMall Motion or its supportive Memorandum or otherwise renders Techny's reliance upon PMall's Motion and Memorandum unfounded.

### The DCMA Count I Claim

PMall has moved to dismiss Plaintiff's Count I Digital Millennium Copyright Act claim on a threefold basis, namely, (1) the Plaintiff did not convey copyright management information (CMI) in connection with its works; (2) PMall did not provide false CMI in connection with its

works, and (3) PMall never possessed or controlled Plaintiff's CMI and, therefore, it could not alter or remove the CMI.

The first basis is applicable to all defendants and concerns the infirmities of Plaintiff's Exhibit A, the "copies" of Plaintiff's asserted "Works", and the failure of "PoetryGift.com" to satisfy the requirements for "identifying information".

The other two grounds for dismissal are equally applicable to Techny as they are to PMall.

Concerning the second basis, similar to PMall, Plaintiff's Exhibit B excerpt of Techny's website does not show false CMI. Plaintiff's Exhibit D reference to the "Terms and Conditions" of Techny's giftsforyounow.com website are not false.

Concerning the third basis, similar to PMall, a comparison of Plaintiff's Exhibit A "Ring Bearer" to Plaintiff's Exhibit B of Techny's giftsforyounow.com web page of a "Ring Bearer Personalized Printed Frame" shows the poems are not identical and are not the same product. The differing Techny "Ring Bearer" confirms there is no alteration of Plaintiff's asserted copyright work that involved the removal of CMI.

## The Lanham Act Count II Claim

Techny joins in the PMall Rule 12(b)(6) Motion and its supporting Memorandum relative the Count II Lanham Act claim because the Plaintiff's claim is asserted against all "Defendant(s)" collectively without differentiation or alleged particularized act or conduct of Techny. Moreover a comparison of Plaintiff's Exhibit A "Ring Bearer" to Plaintiff's Exhibit B of Techny's giftsforyounow.com web page of a "Ring Bearer Personalized Printed Frame" shows that Techny has not merely repackaged Plaintiff's asserted product as its own because the poems are not identical (having differing text and verbiage) and the depicted products are clearly

not identical. Techny is not selling Plaintiff's product as its own.

### The Consumer Fraud Count III, Deceptive Trade Practices Count IV, And Unfair Competition Count V Claims

Techny joins in the PMall Rule 12(b)(6) Motion and its supporting Memorandum relative the state statutory consumer fraud Count III claim, the state statutory deceptive trade practice Count IV claim, and the common law unfair competition Count V claim because such claims of the Plaintiff are asserted against all "Defendant(s)" collectively without differentiation or alleged particularized act or conduct of Techny and the claims are plainly preempted by the Copyright Act.

Section 301 of the Copyright Act states:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any state.

*17 U.S.C. § 301(a).*

**WHEREFORE**, Defendant Techny Advisors, LLC respectfully moves for dismissal of Counts I to V of Plaintiff's Complaint under Fed.R.Civ.P. Rule 12(b)(6) consistent with the grounds advanced by the Motion and supportive Memorandum of Defendant PMall.

TECHNY ADVISORS, LLC, Defendant

Dated: October 13, 2011          By:   /s/ Robert H. Resis
                                        Robert H. Resis
                                        **Banner & Witcoff, Ltd.**
                                        10 S. Wacker Drive
                                        Suite 3000
                                        Chicago, IL 60606
                                        (312) 463-5000
                                        rresis@bannerwitcoff.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 13, 2011, a copy of **MOTION OF TECHNY ADVISORS, LLC TO DISMISS COUNTS I – V OF PLAINTIFF'S COMPLAINT** was served electronically, via CM/ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules. Any other counsel of record will be served via facsimile, e-mail, and certified mail, return receipt requested.

    /s/ Robert H. Resis
Robert H. Resis