# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5177 | **DATE** | 5/24/2012 |
| **CASE TITLE** | Personal Keepsakes, Inc.  Vs. PersonalizationMall | | |

**DOCKET ENTRY TEXT**

PKI's Motion [54] is denied. Plaintiff has two weeks 6/7/2012 to file an amended complaint.

■[ For further details see text below.]                                                                                      Docketing to mail notices.

---

## STATEMENT

　　　Plaintiff Personal Keepsakes, Inc. ("PKI") sued Defendants Personalizationmall.com ("Pmall"), Techny Advisors, LLC ("Techny") and Abernook LLC ("Abernook") for violations of the Copyright Act, the Lanham Act, and the Digital Millenium Copyright Act (the "DMCA").  Each of the Defendants answered with respect to the copyright claims, and filed motions to dismiss with respect to the Lanham Act and DMCA Claims.  On February 8, 2012, this Court issued a Memorandum Opinion and Order (the "Opinion") dismissing the Lanham Act claims with prejudice, and dismissing without prejudice the DMCA claims entirely as to Techny and Abernook, and in part as to Pmall, and granting leave to replead. (R. 53)

　　　PKI now moves this Court to "alter, amend, or otherwise modify" the Opinion.  (R. 54). Specifically, PKI objects to and moves to strike the following section of the Opinion, discussing persuasive authority that held that a defendant must remove the copyright management information, ("CMI") from the "body" or the "area around" the work in order to violate the DMCA:

　　　　　Such a rule prevents a "gotcha" system where a picture or piece of text has no CMI near it but the plaintiff relies on a general copyright notice buried elsewhere on the website.  For the purposes of this motion, the Court need not determine exactly how close the CMI must be to the work to pass muster under the DMCA.  However, as a matter of law, if a general copyright notice appears on an entirely different webpage than the work at issue, then that CMI is not "conveyed" with the work and no claim will lie under the DMCA.  PKI cannot base a DMCA claim on Defendants' general copyright notices placed elsewhere on the site.

Opinion at p. 17.  While PKI requests that the Court strike the entire section quoted above, PKI particularly objects to the last two sentences, and to the holding that copyright notices appearing on an entirely different webpage than the work at issue are not CMI as to the work because they are not information "conveyed" with the

# STATEMENT

work.

"A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 502 (7th Cir. 2008), citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). PKI does not claim new law or new facts; rather, PKI alleges that the Court overreached by deciding the scope of "conveyance" at the pleadings stage, rather than awaiting summary judgment.

In holding as set forth above, the Court adopted the reasoning in *Schiffer Publishing, Ltd. v. Chronicle Books, LLC*, 2004 WL 2583817 (E.D. Pa. Nov. 12, 2004) in that, for an action to proceed under 17 U.S.C. § 1202(b), a defendant "must remove copyright management information from the 'body' of, or area around, plaintiff's work itself." In *Schiffer*, the court held that where CMI that had been located only at the front of a book, but not on photographic images within the book, the defendant had not "removed" CMI from the photographs within the meaning of § 1202(b). In making its holding here, the Court merely applied a natural extension of *Schiffer*'s reasoning: since separating a work from CMI that is not located anywhere near that work does not rise to the level of "removal" under § 1202(b), it naturally follows that copyright information posted in an entirely different place from the work at issue does not constitute falsification under 17 U.S.C. § 1202(a). In both cases, the DMCA claims fail because the generalized copyright information located on another page is not information "conveyed in connection" with the work, and therefore does not fall under the statutory definition of CMI. *See* 17 U.S.C. § 1202(c). As noted in the Opinion, this rule is consistent with the statute; to hold otherwise would allow copyright information and copyrighted works to be placed far from one another with no connection to one another, thereby potentially catching unsuspecting users or distributors as defendants in a "gotcha" type of claim.

PKI has cited no binding authority to contradict this Court's reliance upon *Schiffer*. PKI points to two recent district court cases, neither of which are binding on this Court, in which courts took a broad view of the meaning of CMI generally. *See Cable v. Agence France Presse*, 728 F. Supp. 2d 977 (N.D. Ill. 2010) (denying motion to dismiss under the DMCA); *Agence France Presse v. Morel*, 769 F. Supp. 2d 295 (S.D.N.Y. 2011) (same). First, district court decisions are not binding on this court, even when the case is within the same district. *Townsel v. DISH Network L.L.C.*, 668 F.3d 967, 970 (7th Cir. 2012). In any event, neither of those cases concerned facts similar to this case in the key respect of the location for the alleged CMI on a general copyright notice page, and not on the same page as the work at issue. In *Cable*, the defendant tried to dismiss the suit not on grounds of the location of the CMI, but rather on grounds that a hyperlink or "hotlink" could not constitute CMI. *See Cable*, 728 F. Supp. 2d at 980. The *Morel* court concluded only that § 1202(c)'s phrase "conveyed in connection with" did not require placement of the CMI *on* an image, and that CMI placed directly next to an image could survive a motion to dismiss. *See Morel*, 769 F. Supp. 2d at 305. Neither of these cases persuade this Court that generalized copyright statements located on an entirely different page from the allegedly copyright work can constitute information "conveyed in connection with" the copyrighted work, in order to plead a claim under the DMCA. PKI's Motion is denied.