IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PERSONAL KEEPSAKES, INC.<br>d/b/a POETRYGIFT.COM,<br>an Illinois corporation, | ) ) ) | JURY DEMANDED |
| Plaintiff, | ) | NO. 11-cv-05177 |
| -vs- | ) ) | JUDGE THARP |
| TECHNY ADVISORS, LLC,<br>an Illinois limited liability company;<br>and, DOE I through DOE V, | ) ) ) ) | MAG. JUDGE KEYS |
| Defendants. | ) ) | |

## AMENDED COMPLAINT

Plaintiff, PERSONAL KEEPSAKES, INC., d/b/a POETRYGIFT.COM, by its attorney, MARK H. BARINHOLTZ, P.C., complains against the Defendant(s), and each of them jointly and severally, and alleges:

### Jurisdiction & Venue

1.     This Court has jurisdiction over this case under 28 U.S.C. § 1338 and § 1367. Venue is properly laid in this District under 28 U.S.C. § 1391(b) and (c), and § 1400(a).

### Parties

2.     Plaintiff, PERSONAL KEEPSAKES, INC. ("PKI"), is an Illinois corporation, engaged in the business of designing, producing and distributing for sale via the Internet, framed and unframed gift items, personalized with verses for particular occasions, names and/or dates. Plaintiff has done business under the Internet url and domain name identity *poetrygift.com* since approximately January 2000. Plaintiff's business is located in this District.

3.     Defendant, TECHNY ADVISORS, LLC d/b/a GIFTS FOR YOU, LLC ("Techny") is, upon information and belief, an Illinois limited liability company, engaged in the business of designing, producing and distributing for sale via the Internet, framed and engraved gift items, personalized with verses for particular occasions, names and/or dates. Techny has, for some unknown period of time, done business under the Internet url and domain name identity *giftsforyounow.com*. Plaintiff is informed Techny's business is located in this District.

4.     Upon information and belief, one or more entities or individuals, transacting business, located in or which may be found in this District, herein named as Defendant(s) DOE I through DOE V, are participating or have participated in, benefitted from and/or aided and abetted the infringing acts and violative conduct at issue here or are otherwise contributorily or vicariously liable hereunder.

### Background

5.     At or about January 2000, and at various times thereafter, PKI obtained exclusive rights through Patricia Veit, an owner of PKI, to use various literary works created by Veit in relation to the sale of gift items through its primary website *poetrygift.com.* ("the Works") Four (4) of the Works at issue in this action are set forth on Exhibit "A" hereto. (the "Infringed Works")

6.     At or about March 2011, PKI discovered that Techny and Doe Defendant(s) collectively had caused or contributed to cause the Infringed Works to be copied and disseminated by various means, including but not limited to, (i) by reproducing and copying the Infringed Works onto products and items virtually identical to and competitive with PKI's products and items, (ii) by displaying reproductions of the Infringed Works for purposes of advertising sales of the products on Defendant(s)' various websites, including but not limited to *giftsforyounow.com,* and (iii) by disseminating such reproductions of the Infringed Works worldwide via the Internet through postings on numerous other third-party linked and/or Defendant(s) company-related websites; and all in an effort to maximize sales of the infringing and unlawful items and other products over the Internet and otherwise (the "Infringing Uses"), but all without any permission or authorization from PKI.

7.     Copies of portions of the web pages on which the Infringed Works titled *"Confirmation Petite Poetry Gift," "To Our Ring Bearer," "To Our Flower Girl,"* and *"On Your Confirmation Day,"* as they are posted on *poetrygift.com* and/or an adjunct website *"poetrygifts.com"* are attached hereto as group Exhibit "B". Copies of portions of the web pages on which the Infringed Works as they have appeared and been posted in online advertising on the

2

accused website *giftsforyounow.com* are attached hereto as group Exhibit "C".

8.      At all times relevant, on each and every page of the PKI website(s), PKI posted a visible copyright notice which attributes copyright ownership in the Works to *poetrygift.com*, or, *poetrygifts.com*. (Copies of the respective copyright notices are set forth on Exhibit "D" hereto.)

9.      The Infringed Works contain substantial material wholly original with their creative author, Patricia Veit, an owner of PKI, and constitutes copyrightable subject matter under the copyright laws of the United States of America. All verses appearing on PKI's website(s), unless specifically excluded by reference to a particular author and/or as a work in the public domain, are original to Patricia Veit as their creative author and/or to PKI as commissioning author.

10.     PKI d/b/a *poetrygift.com* and/or *poetrygifts.com*, in coordination with Veit, has complied with all requirements of the U.S. Copyright Act, and obtained copyright registration for the Works, including the Infringed Works, from the Register of Copyrights, under various Certificates of Registration, Nos. TXu 1-744-830 eff. date 11/23/09; TXu 1-002-142 eff. date 11/08/00; and, TXu 586-707 eff. date 8/06/93. (Copies of those Certificates, with pertinent portions of their respective deposits, are attached hereto as Exhibits "E", "F" and "G".)

11.     Such registrations are made part of the United States Copyright Office's public catalog database, publicly available searchable records which disclose that registrations for copyrights are held in the names of Personal Keepsakes, Inc. d/b/a *poetrygift.com*, and Patricia Veit, as created and/or owned by them. (Copies of the Copyright Office's Public Catalog pages for the above referenced registrations are attached hereto as group Exhibit "H")

## COUNT I
### (Copyright Infringement)

12.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 11 hereof, and for this Count I alleges against the Defendant(s), and each of them jointly and severally, as follows.

13.     No license was granted to or obtained by Techny or other Doe Defendant(s), or any

3

of them, for the reproduction and/or use of the Works for any purpose.

14.     From about March, 2011 and, upon information and belief, at various times prior thereto, Techny and Doe Defendant(s) infringed the copyrights in the Works, and PKI's exclusive rights therein, by various means, including but not limited to, (i) downloading or otherwise making unauthorized digital copies of the Works, (ii) incorporating the Infringed Works into, and otherwise reproducing them on the unlawful product items, and selling such items bearing copies of the Infringed Works, (iii) incorporating and uploading the unauthorized copies of the Infringed Works onto Techny's and/or Doe Defendant(s) websites and various third-party websites in order to advertise and promote the sales of the unlawful product items bearing reproductions of the Infringed Works, (iv) displaying the unauthorized copies of the Infringed Works on the accused website(s) via the Internet, and (v) disseminating the unauthorized displays and reproductions of the Infringed Works worldwide through the accused website(s) via the Internet.

15.     That such acts aforesaid by Techny and Doe Defendant(s) were and are for its/their own pecuniary use and benefit, and infringe upon PKI's exclusive copyright rights in the Infringed Works.

16.     That unless the Court intervenes to compel the cessation of such acts, PKI is informed and believes that the unlawful infringements, although purportedly ceased in part and in some respects, are threatened and/or are likely to continue and/or to resume.

17.     That by virtue of the acts hereinabove alleged, Techny and Doe Defendant(s) have infringed PKI's copyright rights, and said Plaintiff has been caused to and has thereby, suffered and sustained irreparable harm and economic injury.

## COUNT II
### (DMCA Violations)

18.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 17 hereof, and for this Count II alleges against Defendant(s), and each of them jointly and severally, as follows.

4

19.     At all times relevant the Works were uploaded and posted to PKI's *poetrygift.com* website, and/or its related *poetrygifts.com* website, by one or more of the following means: (i) automated and/or computer assisted technologies, including but not limited to scanning and digitization, (ii) electronic manipulation through computerized Photoshop or other applications, (iii) embodiment within a disc(s) (*e.g.,* CD-ROM) containing digital files which were encoded with various items of information and data embedded therein, including but not limited to Plaintiff's Internet url and domain name *poetrygift.com* (including *poetrygifts.com*) and a copyright notice on each website page.

20.     In addition to the digital data, any and all versions of the Works which were not communicated via the Internet were conveyed accompanied by one or more of such items of identifying information, *inter alia*, printed on label(s) affixed to the means of conveyance or otherwise accompanying the Works in a visible format or insert along with the container.

21.     That at all times relevant, in addition to a visible copyright notice, on each and every page of the Plaintiff's website(s) on which a Work appeared, there was other information posted which was intended by PKI to, and which did, constitute identifying information about the Work(s), and the lawful owner and/or creator of the Works, including but not limited to (i) the lawfully assumed business name(s) "*poetrygift.com,*" and/or "*poetrygifts.com*"; (ii) identifying information referring to the author and/or owner as the source of the copyrighted Work(s) including but not limited to (a) the unique Product Code number assigned to the Work(s) by PKI and (b) the publicly available business telephone number of PKI; (iii) a "Contact Us" hotlink by which visitors to the website could communicate with PKI; (iv) a title assigned to the Work(s) by PKI; and (v) an "Information" hotlink to various terms and conditions for obtaining and using the Work(s). All of such items of information were linked to and/or otherwise interrelated with one another, and ultimately the applicable copyright registration for the respective Work(s), for the intended purpose of conveying to users of the website(s) that such Work(s) were fully protected by copyright. (*E.g.,* results of a Google search of the terms "Poetry Gift," and/or "Poetry Gifts,"

5

and, further *e.g.*, various web searches through Bing, Yahoo and Google, using a search criteria the PKI Product Item No. for "*Confirmation Petite Poetry Gift,*" and/or PKI's business telephone number posted on its website(s), are attached hereto as group Exhibit "I".)

22.     Such items of information aforesaid were at all times relevant conveyed together with, and intended by PKI to refer and otherwise relate to the Work(s) and/or the product items being marketed bearing reproductions thereof, and the copyright protection therein, as means of identifying *poetrygift.com* and/or *poetrygifts.com* as the author and/or the authorized representative of author and/or owner of the applicable literary Works for purposes of marketing the framed and unframed items sold by PKI ("the identifying information").

23.     That pursuant to 17 U.S.C. § 1202(c)(1), (2), (3), (6) and (7) of the Digital Millennium Copyright Act of 1998 ("DMCA") the identifying information so conveyed is deemed to be and constitutes "copyright management information" ("CMI") under the DMCA.

24.     Upon information and belief, at all times relevant, Techny and Doe Defendant(s) were familiar with PKI and its Internet web identity "*poetrygift.com,*" and/or "*poetrygifts.com,*" and were aware of the fact that PKI had been in business in the Chicago area, and was doing business via the Internet. Furthermore, the records of the Illinois Secretary of State plainly disclose that *poetrygifts.com* is the lawfully registered assumed name of Personal Keepsakes, Inc., and is otherwise searchable by the term "poetrygift." (See, Exhibit "J" hereto.)

25.     That upon information and belief, at all times relevant, the founders and/or owners of Techny and/or various Doe Defendant(s) were skilled and experienced in Internet technologies and techniques by which the copyright status of literary work(s) posted to its/their website(s) could be readily searched and vetted, and such Defendant(s) knew that the failure to do so posed an unreasonable risk.

26.     That upon information and belief, at all times relevant, Techny and Doe Defendant(s) had no policies or procedures in place to ensure that works posted and/or offered for sale on its/their various website(s) as personalized poetry gift items were not already protected

6

under copyright or other applicable laws as belonging to someone else or some other entity. Had Techny or other Doe Defendant(s) bothered to investigate, including but not limited to a search of the public catalog records of the United States Copyright Office, such Defendant(s) would have discovered that the Work(s) were fully protected in Personal Keepsakes, Inc. d/b/a *poetrygift.com*, and/or Patricia Veit. (*See*, Exhibit "H" hereto, Copyright Office, Public Catalog records.)

27.     Despite the existence of such readily available information, and at all times relevant, upon information and belief, on each and every page of Techny's *giftsforyounow.com*  website, and on other Doe Defendant(s) website(s), Defendant(s) posted a copyright notice which attributes copyright ownership in the Infringed Works to *giftsforyounow.com* or some other website(s) as the copyright claimant. (A copy of the type of copyright notice that appeared on the web pages containing the Infringing Uses by Techny, is set forth on Exhibit "K" hereto.)

28.     At all times relevant, in addition to a copyright notice claim on each page of Techny's *giftsforyounow.com* website on which Techny uploaded and posted an Infringed Work, Techny stripped away all of PKI's CMI and substituted its own assumed company name, product item number, assigned new titles to various of the Infringed Work(s), and set forth Techny's telephone number and contact information, and its own licensing, use and/or contact information.

29.     That such CMI substituted by Techny, and as otherwise altered by Techny, constitutes false CMI conveyed with the Infringed Work(s) by Techny via the Internet.

30.     That Techny and Doe Defendant(s) intentionally, knowingly and/or by act(s) of willful blindness, deliberately ignored utilizing means or procedures by which they could have determined whether or not copyrightable and/or duly copyright registered content of others was, in fact, being offered for sale on Defendant(s) website(s) without any authorization to do so.

31.     That Techny and Doe Defendant(s), and each of them, had knowledge or reasonable grounds to know that PKI intended that its CMI was to be acknowledged as such, if not faithfully reproduced, in connection with any reproduction or use of the Works. Therefore, at the very least, in the event they desired to alter, amend or remove such CMI from being associated

7

with PKI's Works, Techny and Doe Defendant(s) were obligated to first negotiate and obtain permission from PKI to do so.

32.     However, notwithstanding Defendant(s)' knowledge, at all times relevant, the infringing reproductions of the Works in the Infringing Uses removed the Internet url and domain name identity(s) "*poetrygift.com*" or "*poetrygifts.com*," and otherwise disassociated the copyright notice set forth on each page of PKI's website(s), and stripped out and scrubbed away all other CMI which PKI had conveyed along with the Works and the goods associated therewith via the Internet.

33.     That in addition to removing and altering CMI aforesaid, Techny and Doe Defendant(s) and each of them distributed or imported for distribution, or otherwise publicly displayed, the false and/or altered CMI knowing, or having reasonable grounds to know, that it had been falsified, altered and/or removed without the authority of the copyright owner, or an authorized representative thereof, or the law, or otherwise having aided and abetted such conduct.

34.     Further, that Techny and Doe Defendant(s), and each of them distributed or imported for distribution, or otherwise publicly displayed, copies of the Infringed Works knowing or having reasonable grounds to know that CMI had been falsified, altered and/or removed without the authority of the copyright owner, or authorized representative of PKI, or the law, or otherwise having aided and abetted such conduct.

35.     That at all times relevant, Techny and Doe Defendant(s) and each of them, in doing the acts and things complained of herein, intentionally, knowingly or having reasonable grounds to know, engaged in the acts and conduct aforesaid in order to induce, enable, facilitate or conceal an infringement and violation of PKI's copyright, attribution, integrity and ownership rights under Title 17 U.S.C. § 1202(a)(1) and (2) by providing and distributing false CMI, and under §1202(b) by altering and/or removing CMI and distributing same as altered and/or removed, and all in violation of the Digital Millennium Copyright Act (Chapter 12), and otherwise against unauthorized copying, dissemination and display of the Work(s), *inter alia,* under Title 17 U.S.C.

8

§ 501 (Chapter 5), or otherwise having aided and abetted such conduct.

36.     That Defendant(s), and each of them, have thereby violated the Digital Millennium Copyright Act, and PKI's rights thereunder, and it has been caused to and has thereby, suffered and sustained substantial financial damage and irreparable harm, for which Plaintiff's remedy at law is inadequate.

**COUNT III**
**(Liability vs. Doe I through Doe V)**

37.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraph 1 through 36 hereof, and for this Count III alleges against Defendant(s) Doe I through Doe V, and each of them jointly and severally, together with Techny and/or other Doe Defendant(s), as follows.

38.     On information and belief, one or more individual(s), firm(s), affiliate(s) or contractor(s) acting in concert with Techny, were a conscious, active and dominant force causing or contributing to cause, and which resulted in, the unlawful infringements and violations herein alleged.

39.     On information and belief, those individuals, firms, affiliates and/or contractors personally or directly contributed to, authorized and/or participated in infringing PKI's Works, and its exclusive rights therein, and otherwise violating its rights under the DMCA, rights designed to prevent or remedy unlawful conduct by the various means aforesaid, *inter alia*.

40.     That such tortious acts hereinabove alleged against such Doe Defendant(s) were and are for their own individual gain and benefit, as well as the gain and benefit of their firms, affiliates or contractors, and infringe upon PKI's exclusive copyright rights in the Works, and otherwise violate its rights under the DMCA.

41.     That by virtue of the acts hereinabove alleged, Defendant(s) Doe I through Doe V infringed PKI's copyrights, and violated its rights under the DMCA, and it has been caused to and has thereby, suffered and sustained irreparable harm and economic injury.

9

WHEREFORE, Plaintiff, PERSONAL KEEPSAKES, INC., prays for findings and judgment in its favor and against Techny and the Doe Defendant(s), and each of them jointly and severally, as follows:

A.    That Defendant(s) have infringed Plaintiff's copyright rights in the Works in violation of 17 U.S.C. § 501.

B.    That Defendant(s) have violated Plaintiff's rights under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

C.    That Defendant(s) be required to pay to Plaintiff such actual damages as Plaintiff has sustained in consequence of Defendant(s)' infringements and other violations, and to account for all gains, profits and advantages derived by Defendant(s) therefrom, or such statutory damages for all infringements and violations as shall appear proper within the provisions of Chapter 5 and Chapter 12 of the copyright laws.

D.    That Defendant Techny, and various of the Doe Defendant(s), are liable to Plaintiff for such reasonable attorney fees, and exemplary damages, incurred in this action as may be allocated to infringements and violations, as follows:

i.    That the Copyright Act, § 504(c)(2) thereof, provides, *inter alia*, that willful infringement of copyright is punishable by an award of statutory damages, if applicable, in amounts up to and including $150,000.00 for each work infringed;

ii.    That the Digital Millennium Copyright Act ("DMCA"), §§ 1203(c)(3)(B) *inter alia*, provides that each act in violation of Plaintiff's rights in the integrity of its CMI, *e.g.*, a posting on the Internet, shall be punishable by a separate award of damages of up to and including $25,000 for each violation;

10

iii. That Plaintiff is entitled to the recovery of costs of enforcement, including attorney fees for the infringement of copyright in the Works as allowed pursuant to 17 U.S.C. § 412(2), *e.g.*, infringements which commenced after the effective date of applicable copyright registration;

iv. That Plaintiff is entitled to the recovery of its costs of enforcement, including attorney fees for violations of the DMCA pertaining to each of the Works as allowed pursuant to 17 U.S.C. § 1203(b)(4) and (5), irrespective of the effective date of applicable copyright registration.

E. That the Court grant such other and further relief as is reasonable to remedy infringements and violations in any manner, either at law or in equity, including injunction, impounding and reasonable disposition of all infringing articles, as follows:

i. That Defendant(s) along with any agents and servants, and all those persons in active concert or participation with each or any of them be permanently restrained and enjoined from directly or indirectly infringing Plaintiff's copyright rights in any manner, and from exhibiting, causing, contributing to, or participating in, the unauthorized exhibition or distribution in any manner of the Work(s) or any component part thereof, or any goods relating thereto.

ii. That Defendant(s), their officers, directors, principals, agents, servants, employees, successors and assigns and all those in active concert or participation with each or any of them be permanently enjoined and restrained from manufacturing, producing, distributing, circulating, selling, advertising, promoting or displaying anything bearing any simulation, reproduction, derivative adaptation, counterfeit, copy or colorable imitation of any works created or licensed by PKI including but not limited to the Work(s), or any goods relating thereto.

iii. That Defendant(s) be required to deliver up for destruction all forms and copies of the Infringing Uses and all promotional and advertising material and other unauthorized matter which picture, reproduce or utilize any infringing part of the Works, or any goods relating

11

thereto.

F.      Together with pre-judgment interest, Plaintiff's costs and reasonable attorney fees.


PLAINTIFF DEMANDS TRIAL BY JURY



                                        PERSONAL KEEPSAKES, INC.
                                        d/b/a POETRYGIFT.COM, Plaintiff.


                          By: _____/s/ Mark Barinholtz_____
                                            Attorney




Mark Barinholtz
Melinda Schramm
MARK H. BARINHOLTZ, P.C.
Attorneys for Plaintiff
55 West Monroe Street
Suite 3600
Chicago, IL 60603
(312) 977-0121