**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PERSONAL KEEPSAKES, INC.** | ) | |
| **d/b/a POETRYGIFT.COM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:11-cv-05177** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge John Tharp** |
| **PERSONALIZATIONMALL.COM, INC.,** | ) | |
| **TECHNY ADVISORS, LLC,** | ) | **Magistrate Judge Arlander Keys** |
| **ABERNOOK, LLC, and** | ) | |
| **DOE I through DOE V,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF TECHNY ADVISORS, LLC'S MOTION TO
DISMISS COUNT I OF PLAINTIFF'S AMENDED COMPLAINT WITH RESPECT TO
THE ASSERTED REGISTRATION TXu 586-707**

Defendant Techny Advisors, LLC, ("Techny") hereby moves under Fed.R.Civ.P. Rule 12(b)(6) to dismiss Count I (Copyright Infringement) of Plaintiff's (PKI) Amended Complaint (ECF 79) with respect to the asserted copyright Registration TXu 586-707. The only portion of TXu 586-707 asserted by PKI to have been copied by Techny is the short phrase beginning with the words "*May the Strength* …." PKI's copyright infringement claim with respect to TXu 586-707 cannot stand for several reasons. First, the asserted short phrase is not copyrightable. Second, the short phrase is too common to allow for copyright protection. Third, the short phrase is not what PKI (through Patricia Veit) allegedly obtained copyright registration to; rather, PKI (through Ms. Veit) obtained copyright registration to a work titled "Personal Keepsakes," which the copyright claimant (Ms. Veit) characterized as an "Entire Collection of Poems." Once the unprotectable elements have been filtered out, there is nothing left to compare between the deposit of asserted TXu 586-707 and any work of Techny, and thus no substantial

similarity for there to be copyright infringement. As further shown below, the claim of copyright infringement (Count I) with respect to the asserted TXu586-707 should be dismissed.[1]

## I.  Introduction

This action centers upon the alleged copying of poetry verses to which PKI claims to hold the copyright. Specifically, PKI claims to be the owner of copyrights in various works titled *"Confirmation Petite Poetry Gift," "To Our Ring Bearer," "To Our Flower Girl,"* and *"On Your Confirmation Day."* ECF 79, paragraphs 5 and 7. The asserted Registration TXu 586-707 that contains the asserted work *"On Your Confirmation Day"* is attached to PKI's Amended Complaint as Exhibit G. As shown in Exhibit G, TXu 586-707 states that the title of the work is "PERSONAL KEEPSAKES," and the copyright claimant, Patricia E. Veit, characterized the work as an "Entire Collection of Poems." Exhibit G states on page 3:

"ON YOUR CONFIRMATION DAY

GOD BLESS YOU ON YOU CONFIRMATION DAY

May the strength of the Holy Spirit be with you, guiding you every day of your life."

PKI asserts that Exhibit G is a copy of TXu 586-707 (with pertinent portions of the respective deposit). ECF 79 at paragraph 10. PKI did not include all pages of the deposit that was registered as TXu 586-707.[2]

Attached as Exhibit A to this Memorandum is a full copy of the deposit that was obtained from the U.S. Copyright Office for asserted TXu 586-707. Exhibit A comprises nine (9) pages. The first page is the Copyright Office cover page that identifies the following pages as "Copy of

---

[1] The present motion is not an admission that any allegation of Plaintiff's Amended Complaint is true.

[2] Indeed, PKI redacted the majority of page "-3-" of its Exhibit G to the Amended Complaint, without providing any indication of any redaction.

Deposit TXu 586-707." Pages 2-9 of Exhibit A is the complete copy of PKI's deposit TXu 586-707, which comprises eight (8) pages. Page 2 of Exhibit A is a cover page that states "PERSONAL KEEPSAKES" and "Patricia E. Veit," pages 3-8 contain twenty (20) separate items or text bearing separate titles, and page 9 is a "FREE PERSONALIZATION Order Certificate." PKI alleges copyright infringement of only the text bearing the title "ON YOUR CONFIRMATION DAY" in connection with TXu 586-707, i.e., "*May the strength of the Holy Spirit be with you, guiding you every day of your life.*"

PKI asserts that "[c]opies of portions of the web pages on which the Infringed Works titled … "ON YOUR CONFIRMATION DAY," as they are posted on *poetrygift.com* and/or an adjunct website "*poetrygifts.com*" are attached hereto as a group Exhibit "B"." ECF 79 at paragraph 7. The pertinent portion of page 4 of Exhibit B of PKI's Amended Complaint states:

Poem PG-01-063-063

### My Confirmation Day
(Name)
(Date)

"When you send forth your Spirit, they are created,
and you renew the face of the earth"
-Psalm 104:30

May the strength of the Holy Spirit be with you,
guiding you every day of your life.

Example of Optional Closing:
Love, Ann & Steve


Alternative verse:

"I am the light of the world.
Whoever follows me will never walk in darkness,
but will have the light of life."

The accused webpages of Techny (attached as pages 4, 5, and 6 of Exhibit C of PKI's Amended Complaint) shows that the only text that PKI asserts was copied is the short phrase:

"*May the strength of the Holy Spirit be with you, guiding you every day of your life.*"

As shown below, that short phrase is not copyrightable, is too common to allow protection, and the asserted registration TXu586-707 is to an "Entire Collection of Poems" rather than the individual short phrase. Thus, PKI's Amended Complaint fails to state a claim showing that PKI is entitled to relief for copyright infringement with respect to TXu 586-707, and should be dismissed.

## II.  Legal Standard

To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ECF 53 at 7, citing Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must be "plausible on its face." ECF 53 at 7, citing *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. v. Twombly,* 550 U.S. 554, 570 (2007)); *see also Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010) (noting "'plausibility' in this context does not imply that the district court should decide whose version to believe, or which version is more likely than not.") A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ECF 53 at 7, citing *Iqbal,* 129 S. Ct. at 1949. Determining whether a complaint states a plausible claim for relief requires "the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. "Specific facts are not necessary … the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." ECF 53 at 7, citing *Swanson,* 614 F.3d at 404

4

(citing *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)). In short, under *Iqbal,* "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together … the court will ask itself could these things have happened, not did they happen."  ECF 53 at 7, citing *Swanson,* 614 F.3d at 404.

When a copyright infringement claim is based on a short phrase not protected by copyright, the copyright infringement claim should be dismissed pursuant to Rule 12(b)(6). *Peters v. West*, 776 F. Supp. 2d 742, 746 and 750 (N.D. Ill. 2011).  As held by Judge Kendall in *Peters*, "[s]hort phrases and expressions, however, are not protected by copyright, 776 F. Supp. 2d at 750, citing *Alberto-Culver Co. v. Andrea Dumon, Inc.,* 466 F.2d 705, 711 (7th Cir. 1972); and *Sweet v. City of Chi.,* 953 F. Supp. 225, 229 (N.D. Ill. 1996).  Moreover, "common, trite, and clichéd language conveying ideas generally expressed in a limited number of ways are unprotectable."  776 F. Supp. 2d at 750, citing *Allen v. Destiny's Child,* 2009 U.S. Dist. LEXIS 63001, 2009 WL 2178676 at *8 (N.D. Ill. July 21, 2009) (Holderman, C.J.) ("Phrases and expressions conveying an idea typically expressed in a limited number of stereotyped fashions are not subject to copyright protection.") (citation omitted).

Once the unprotectable elements have been filtered out from the asserted work and the accused work, the two works can be compared to determine whether they are substantially similar.  776 F. Supp. 2d at 751.  Copying may not be inferred where the accused work is not substantially similar to the copyrighted work.  776 F. Supp. 2d at 748.  When a plaintiff has failed to adequately pled that an ordinary observer would find substantial similarity between the protectable elements of the two works, the Court should dismiss the copyright infringement claim pursuant to Fed.R.Civ.P. 12(b)(6).  776 F. Supp. 2d at 749-52.

Applying these standards, the copyright infringement claims with respect to TXu 586-707 cannot stand.

**III.    PKI'a Copyright Infringement Claim (Count I) With Respect To TXu 586-707 Does Not State A Valid Claim And Should Be Dismissed Pursuant To Rule 12(b)(6) Because The Short Phrase "May the Strength …" Is Not Copyrightable**

PKI's Count I claim relating to the asserted "*On Your Confirmation Day*" work – which consists of the short phrase "*May the strength of the Holy Spirit be with you, guiding you every day of your life*" – should be dismissed because (1) short phrases are not copyrightable, (2) the phrase is too common to allow protection, and (3) the asserted registration TXu 586-707 is to an "Entire Collection of Poems" rather than the asserted short phrase above.

**A.  The Asserted Short Phrase "May the Strength …" Does Not Contain An Appreciable Amount Of Original Text**

"Copyright law does not protect names, titles, or short phrases or expressions."  *See* Copyright Protection Not Available for Names, Titles, or Short Phrases, Copyright Circular 34, United States Copyright Office (2012), which is attached hereto as Exhibit B.  Under 17 U.S.C. § 102, copyright protection extends only to "original works of authorship."  *Id.*  The statute states clearly that ideas and concepts cannot be protected by copyright.  *Id.*  To be protected by copyright, a work must contain a certain amount of authorship in the form of original literary, musical, pictorial, or graphic expression.  *Id.*  "Names, titles, and other short phrases do not meet these requirements.  *Id*.

A copyrightable phrase should contain "an appreciable amount of original text."  *Alberto-Culver Co.*, 466 F.2d 705 at 710.  For example, "couldn't wait no longer" was held to be not copyrightable because the phrase was too short.  *Peters v. West*, 776 F. Supp. 2d 742, 750 (N.D.

Ill. 2011) (Judge Kendall).  Similarly, the phrase "most personal sort of deodorant" was held to be not subject to copyright protection because it was merely a short phrase or expression, "which hardly qualifies as an 'appreciable amount of original text.'"  *Alberto-Culver Co.*, 466 F.2d at 711.

Like the unprotectable phrases in *Peters* and *Alberto-Culver*, the asserted phrase "*May the strength of the Holy Spirit be with you, guiding you every day of your life*", is a short phrase, and does not contain an "appreciable amount of original text."

### B.  The Asserted Short Phrase "May the Strength …" Consists Of Common Language Conveying An Idea Typically Expressed In A Limited Number Of Ways, And Thus Is Not Protectable By Copyright

The phrase "*May the strength of the Holy Spirit be with you, guiding you every day of your life*" consists of common language conveying an idea typically expressed in a limited number of ways.  The phrase is therefore not entitled to copyright protection.  "Common, trite, and clichéd language conveying ideas generally expressed in a limited number of ways are unprotectable."  *Peters*, 776 F. Supp. 2d at 750; *see also Allen v. Destiny's Child*, 2009 WL 2178676 at *8 (N.D. Ill. July 21, 2009).  For example, although the word "wronger" is not common, the word is part of a common rhyme scheme ending words in "-er" and thus is not copyrightable.  *Peters, 776 F. Supp. 2d at 750* (granting a Rule 12(b)(6) motion to dismiss the copyright infringement claim).

Similarly, the phrase "*May the strength of the Holy Spirit be with you, guiding you every day of your life*" conveys an idea generally expressed in a limited number of ways.  For example the phrase "*May the Lord be with you*" is commonly used as a wishful blessing at religious gatherings, and the phrase "*May the strength of the Lord be with you*" is commonly used in

7

memorials and other religious occasions. An Internet search for the phrase "*May the strength of the Lord be with you"* shows about 4,740 results. *See* attached Exhibit C. Likewise, the phrase "*May the Holy Spirit be with you, guiding you every day of your life*" is commonly inscribed into religious gifts. An Internet search for the phrase "*May the Holy Spirit be with you, guiding you every day of your life"* shows about 11,300 results. *See* attached Exhibit D. These results include exemplary religious gifts with the phrase inscribed on them and that are marketed by entities other than PKI. *See e.g.,*

http://www.countrynmoregifts.com/May+The+Holy+Spirit+Be+With+You-17300.cnm, attached hereto as Exhibit E, including an enlarged photo, and

http://www.cherrylanecollection.com/html/38219.html#null, attached hereto as Exhibit F.

 Exhibit E shows a product marketed by an entity other than PKI, which bears the phrase "*May The Holy Spirit Be With You, Guiding You Every Day Of Your Life*:"



Exhibit F shows a product, marketed by an entity other than PKI, which bears the phrase "*May The Holy Spirit Be With You, Guiding You Every Day Of Your Life*:"



The mere addition of three (3) words, "strength of the" between "May the" and "Holy Spirit" does not make PKI's asserted phrase, i.e., "*May the strength of the Holy Spirit be with you, guiding you every day of your life*" copyrightable over the common phrase "*May the Holy Spirit be with you, guiding you every day of your life.*"

Simply put, PKI's asserted phrase consists of common language to conveys "an idea typically expressed in a limited number of stereotyped fashions" and is thus "not subject to copyright protection." *Allen v. Destiny's Child,* 2009 U.S. Dist. LEXIS 63001, 2009 WL 2178676 at *8 (N.D. Ill. July 21, 2009) (Holderman, C.J.).

**C. PKI's Asserted Copyright Registration Is Not To The Asserted Short Phrase "May the Strength …", But To The "Entire Collection of Poems," And PKI Does Not Allege Infringement Of The "Entire Collection of Poems"**

As previously noted, PKI did not include all pages of the deposit that was registered as TXu 586-707.  As previously noted, attached hereto as Exhibit A is a copy of the full deposit that was obtained from the U.S. Copyright Office.  Pages 2-9 of Exhibit A is the record obtained from the U.S. Copyright Office of the complete copy of the deposit that was registered as TXu 586-707.  Page 2 of Exhibit A is a cover page that states "PERSONAL KEEPSAKES" and "Patricia E. Veit," pages 3-8 contain twenty (20) separate items or text bearing separate titles, and page 9 is a "FREE PERSONALIZATION Order Certificate."

The U.S. Copyright Office did **not** examine just the short phrase "*May the Holy Spirit be with you, guiding you every day of your life*" as it did **not** determine that this short phrase alone was protectable by copyrightable.  Rather, registration was made for the full eight (8) pages of the submitted deposit, collectively, which the claimant (Ms. Veit) characterized as an "Entire Collection of Poems," as shown PKI's Exhibit G to the Amended Complaint, the relevant portion of which is shown below:

PKI does not allege that Techny copied the "Entire Collection of Poems."

As noted by Judge Kendall in *Peters v. West, supra*, a plaintiff must, among other things, plausibly plead that an accused work is substantially similar to the plaintiff's work. 776 F. Supp. 2d at 748. To do so, a plaintiff must plausibly plead that "the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression." 776 F. Supp. 2d at 748-49, citing *Susan Wakeen Doll,* 272 F.3d at 451 (citation omitted). Although the ordinary observer test depends on whether the accused work has captured the "total concept and feel" of the copyrighted work, the Court must first identify which elements of the work are protected by the copyright. 776 F. Supp. 2d at 749, citing *Wildlife Express,* 18 F.3d at 511-12 (citation omitted); *see also Roulo v. Russ Berrie & Co.,* 886 F.2d 931, 939 (7th Cir. 1989); *FASA Corp. v. Playmates Toys, Inc.,* 912 F. Supp. 1124, 1147 (N.D. Ill. 1996) ("Where, as here, the Court is comparing products that have both protectible and unprotectible elements, we must exclude comparison of the unprotectible elements from the application of the ordinary observer test."), *vacated in part on other grounds*, 108 F.3d 140 (7th Cir. 1997).

Because PKI claims that the short phrase "May the Strength …" infringes on its Registration TXu 586-707, the Court must first identify whether that short phrase is protected by copyright. *See Peters v. West,* 776 F. Supp. 2d at 749. The Court then addresses whether Plaintiff has adequately pled that an ordinary observer would find substantial similarity between the **protectable** elements of the two works. *Id.* As shown above, the short phrase "May the Strength …" is not protected by copyright. Because PKI has not adequately pled that an ordinary observer would find substantial similarity between **protectable** elements of the two works, the Court should dismiss Count I of PKI's Amended Complaint with respect to the

11

asserted copyright Registration TXu 586-707 pursuant to pursuant to Fed.R.Civ.P. 12(b)(6).  *See*

*Peters v. West*, 776 F. Supp. 2d at 749-52.


**IV.     Conclusion**

The asserted short phrase "*May the Strength …*" associated with the asserted Registration

TXu 586-707 is not copyrightable for at least three reasons.  First, the phrase is too short for

copyright protection.  Second, the phrase conveys "an idea typically expressed in a limited

number of stereotyped fashions" and is thus "not subject to copyright protection."  Finally, the

copyright registration was not to the short phrase, but rather to an "Entire Collection of Poems,"

and PKI does not allege that Techny infringed this "Entire Collection of Poems."  Therefore,

Techny respectfully moves for dismissal of Count I of PKI's Amended Complaint under

Fed.R.Civ.P. Rule 12(b)(6) with respect to the asserted copyright Registration TXu 586-707.


                                        TECHNY ADVISORS, LLC, Defendant

Dated: June 28, 2012              By:    /s/ Robert H. Resis
                                         Robert H. Resis
                                         **Banner & Witcoff, Ltd.**
                                         10 S. Wacker Drive
                                         Suite 3000
                                         Chicago, IL 60606
                                         (312) 463-5000
                                         rresis@bannerwitcoff.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 28, 2012, a copy of **MEMORANDUM IN SUPPORT OF TECHNY ADVISORS, LLC'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S AMENDED COMPLAINT WITH RESPECT TO THE ASSERTED REGISTRATION TXu 586-707** was served electronically, via CM/ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules. Any other counsel of record will be served via facsimile, e-mail, and certified mail, return receipt requested.

 /s/ Robert H. Resis
Robert H. Resis