IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PERSONAL KEEPSAKES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 05177 |
| | ) | |
| PERSONALIZATIONMALL.COM, INC., | ) | Judge John J. Tharp, Jr. |
| TECHNY ADVISORS LLC, and DOES I-V, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Techny Advisors, LLC moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I and II of the Amended Complaint of Personal Keepsakes, Inc. ("PKI") for failure to state a claim under which relief can be granted. Count I claims copyright infringement and Count II alleges violations of the Digital Millennium Copyright Act ("DCMA"). For the reasons that follow, the Court grants the motion to dismiss.[1]

## BACKGROUND[2]

PKI designs and produces gift items personalized with poetry verses for special occasions and then sells them on its website, www.poetrygifts.com. Specifically, PKI's owner writes literary and poetic verses, portions of which are then incorporated into gift items. Techny sells

---

[1] For purposes of this opinion, the Court refers to a single "motion." Techny erroneously filed a separate motion as to each claim. *See* Motions to Dismiss, Dkt. ## 89, 92. After PKI moved to strike, Techny filed a single memorandum supporting the motions, *see* Dkt. # 102. This Court accepted the consolidated memorandum and denied the motion to strike without prejudice. *See* Dkt. # 106, 114. PKI was given excess pages for its consolidated response. Nevertheless, in its response it "renewed" its motion to strike—itself an improper procedural move, as motions cannot be inserted into briefs. PKI has suffered no conceivable prejudice: Techny's two motions were filed contemporaneously and addressed separate claims; although they should have been filed as one, any procedural defect, and any prejudice to PKI, was cured by the consolidated briefing. PKI's complaints are both meritless and improperly presented.

[2] For purposes of this motion, the Court takes the following facts alleged by PKI in its Amended Complaint as true. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008).

1

the same types of personalized gift items on various websites, including www.giftsforyounow.com. PKI alleges that Techny unlawfully uses PKI's copyrighted material on its merchandise.

The gist of PKI's complaint is that Techny took PKI's copyrighted poems—the "Infringed Works" as defined in the complaint—put them on its competing products. PKI alleges that the pirated poems contain substantial material that is an original work that constitutes copyrightable subject matter under the copyright laws of the United States of America. Specifically, PKI puts four of Techny's gift items at issue, shown in Exhibit A to its Amended Complaint (Dkt # 79-1). They are titled: "Petite Poetry Gift," "To Our Ring Bearer," "To Our Flower Girl," and "On Your Confirmation Day"; each contains language from the Infringed Works. Techny moves to dismiss Count I only as it applies to the verse used for the "On Your Confirmation Day" gifts, which reads: "May the strength of the Holy Spirit be with you, guiding you every day of your life." PKI attaches to its Amended Complaint examples of items sold by Techny that PKI says infringe its copyrighted material (See Ex. C, Dkt. # 79-1). One is an engraved glass picture frame, with a two-line poem or prayer in the bottom of the frame that reads, "May the strength of the Holy Spirit be with you, guiding you every day of your life."

PKI maintains that the copyright established by means of Certificate of Registration TXu 586-707, effective date of August 6, 1993, covers the "On Your Confirmation Day" poem. PKI alleges that no license was granted to or obtained by Techny for the reproduction or use of the Infringed Work for any purpose. Further, PKI alleges that Techny (1) made unauthorized digital copies of the Infringed Work; (2) reproduced and sold products containing the Infringed Works; and (3) displayed items containing language from Infringed Work on their websites.

In addition to the copyright infringement claim, PKI asserts Techny violated the DMCA by removing the "copyright management information" (CMI)—like the www.poetrygift.com website name and associated copyright notice—from PKI's copyrighted poems so that Techny could pass the poems off as its own. Techny moves to dismiss the DCMA claim in its entirety.

## DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47(1957)). The complaint must be "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570 (2007)); *see Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010) (noting " 'plausibility' in this context does not imply that the district court should decide whose version to believe, or which version is more likely than not."). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). In ruling on the motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Barnes v. Briley,* 420 F.3d 673, 677 (7th Cir. 2005).

A.     **Count I: Copyright Infringement**

In order to state a claim for copyright infringement, a plaintiff must plausibly allege that: (1) the plaintiff owns a valid copyright; and (2) the defendant copied "constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). To receive a copyright, a work must be original. *Id*. "A certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of the validity of a copyright." *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994) (citing 17 U.S.C. § 410(c)).

Techny argues that the claim for copyright infringement, with respect to the verse associated with "On Your Confirmation Day," should be dismissed on the following grounds: (1) the phrase "May the strength of the Holy Spirit be with you, guiding you every day of your life" is not copyrightable as a matter of law; (2) PKI's asserted copyright registration TXu 586-707 does not cover the common phrase; and (3) when the unprotected elements of PKI's allegedly original work are disregarded, PKI's and Techny's works lack the "substantial similarity" required for copyright infringement.

The Court addresses each of these arguments in turn, and in resolving them, considers certain materials outside the text of the Amended Complaint itself. First, there are PKI's exhibits, which are part of the complaint and properly considered on a motion to dismiss. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). To the extent there is any conflict between the exhibits and the plaintiff's allegations, the exhibits take precedence. *Id*. Second, the Court considers the entire copyright registration, which Techny attached to its motion to dismiss,

because the registration is referenced in the pleading and is central to the claim.[3] *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (although "[a] plaintiff is under no obligation to attach to her complaint documents upon which her action is based, [] a defendant may introduce certain pertinent documents if the plaintiff failed to do so"). Moreover, "[c]ertificates of Registration from the U.S. Copyright Office are public records that the court may take judicial notice of without converting a Rule 12(b)(6) motion to a motion for summary judgment." *White v. Marshall*, 693 F. Supp. 2d 873, 884 (E.D. Wis. 2009); *see also* Fed. R. Evid. 201 (to be subject to judicial notice, "fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

**1. Valid Copyright**

Techny first argues that, as a matter of law, the disputed portion of the registered copyright TXu 586-707 is not copyrightable because it is too common, unoriginal, and short.

According to the copyright registration, the title of PKI's work in question is "PERSONAL KEEPSAKES," and the copyright claimant, Patricia E. Veit, characterized the work as an "Entire Collection of Poems." The relevant portion of the copyright is an excerpt titled "On Your Confirmation Day" which reads:

> GOD BLESS YOU ON YOU [*sic*] CONFIRMATION DAY
> May the strength of the Holy Spirit be with you, guiding you every
> day of your life.

---

[3] Plaintiff alleges in its amended complaint that it owns a validly registered copyright for the phrase in question and attaches an excerpt/portion of the registration. Plaintiff also alleges that defendant Techny copied and sold copies of plaintiff's copyrighted phrase.

The allegedly infringing phrase from Techny's website is titled "My Confirmation Day," which reads:

> When you send forth your Spirit, they are created, and you renew the face of the earth' – Psalm 104:30 May the strength of the Holy Spirit be with you, guiding you every day of your life.

Therefore, as to this "poem," the only text that PKI asserts Techny copied for use on its gift items is the phrase, "May the strength of the Holy Spirit be with you, guiding you every day of your life."

"Originality is both a statutory and constitutional requirement" for copyright protection. *Mid America Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir. 1995). "Originality" is not an onerous standard, but it does require both independent creation by the author and a "minimal level of creativity." *Kelley v. Chicago Park Dist.*, 635 F.3d 290 (7th Cir. 2011) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). When it comes to literary works, "the necessary degree of 'originality' is low, and the work need not be aesthetically pleasing to be 'literary.'" *Am. Dental Ass'n v. Delta Dental Plans Ass'n*, 126 F.3d 977, 979 (7th Cir. 1997). But "common, trite, and clichéd language conveying ideas generally expressed in a limited number of ways are unprotectable." *Peters*, 776 F. Supp. 2d at 750; *see Allen v. Destiny's Child*, 06 C 6606, 2009 WL 2178676 (N.D. Ill. July 21, 2009) ("Phrases and expressions conveying an idea typically expressed in a limited number of stereotyped fashions are not subject to copyright protection.").

The short verse "May the strength of the Holy Spirit be with you, guiding you every day of your life" is too common and unoriginal to receive copyright protection in itself. The excerpt is a common expression of a blessing. The expression, "May the strength of the Holy Spirit be with you," is of a kind with the common blessings "May the strength of the Lord be with you,"

6

"May the Lord be with you," or "God be with You," which are widely used and decidedly not original to PKI.[4] Blessings invoking the strength and guidance of the Holy Spirit are simply too ubiquitous to warrant copyright protection.

That is particularly so when, as here, they are brief. It been established that "[s]hort phrases and expressions . . . are not protected by copyright." *Peters v. W.*, 776 F. Supp. 2d 742, 750 (N.D. Ill. 2011) *aff'd*, 692 F.3d 629 (7th Cir. 2012). Additionally, text that is "merely a 'short phrase or expression' … hardly qualifies as an 'appreciable amount of original text.'" *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th Cir. 1972). The allegedly copied portion of the collection of poems here is a single sentence of two short phrases; it is perhaps long enough to be copyrightable if it were original, but there is not an appreciable amount of original text presented here. For that reason, the cases cited by PKI, in which courts upheld copyright protection for short phrases, are distinguishable. See Mem., Dkt # 114 at 17. Phrases such as "E.T. Phone Home" and "You might be a redneck if . . . [punchline]" are original phrases possessing at least "minimal creativity," whereas the blessing at issue here has no claim of creative authorship. Beyond defending the blessing by labeling it part of a "poetic verse," PKI does not make any argument regarding the creative authorship of the phrase. It defends the larger poems as artistic works, but its complaint in this case does not allege that the

---

[4] For example, an Internet search using Google's search engine, conducted on May 9, 2013, shows that the phrase "may the strength of the lord be with you" produces about 10,800 results on Google and the exact phrase "may the strength of the holy spirit be with you" produces about 476 results on Google. PKI complains of Techny's reference to internet search results to bolster its ubiquity argument, but the Court notes that the Seventh Circuit has employed similar analysis in assessing whether terms are too common to support an inference of copying. *See, e.g., West*, 692 F.3d at 635 (affirming district court's grant of motion to dismiss and noting references to common aphorism in popular song lyrics to support conclusion that the aphorism was ubiquitous and not indicative of copying).

7

poems are copyrighted; the complaint says that PKI has copyright protection specifically for a single sentence.

In light of the generic nature of the allegedly copyrighted phrase, PKI's assertion that it has a valid copyright does not meet the plausibility threshold. PKI's conclusory allegation that is holds a "valid" copyright is a legal conclusion, and the Court does not accept as true for purposes of a motion to dismiss the complaint's conclusions of law or allegations that merely recite the elements of a claim. *See Iqbal*, 556 U.S. at 678. But PKI has offered no further allegations that transport its claim of a valid copyright into the realm of the plausible. For example, there are no facts relating to the independent creation of the Infringed Works by the author. PKI's complaint therefore fails to state a claim for copyright infringement because it does not plausibly allege either that the allegedly copyrighted phrase is protected by a *valid* copyright.

## 2. Scope of Registrations

This leads directly to Techny's next argument that PKI did not, in fact, receive copyright protection for the sentence, "May the strength of the Holy Spirit be with you, guiding you every day of your life." The redacted certificate of registration for copyright TXu 586-707, as attached to the complaint, shows only the following text contained in a section titled "On Your Confirmation Day": "GOD BLESS YOU ON YOU [sic] CONFIRMATION DAY / May the strength of the Holy Spirit be with you, guiding you every day of your life."

However, as Techny points out, this is but a small portion of the text in the actual certificate of registration. In reality, the TXu 586-707 registration is for an "entire collection of poems" that spans *six pages* of text with 20 titles. Even though a certificate of registration is *prima facie* evidence of the validity of a copyright, the certificate of registration in question here is for an "entire collection of poems" titled "PERSONAL KEEPSAKES" and not for any

8

individual work titled "ON YOUR CONFIRMATION DAY," let alone for the single sentence "May the Holy Spirit be with you, guiding you every day of your life," as the complaint alleges. Contrary to the allegations in the Amended Complaint, Techny did not copy "the work" that is the subject of registration TXu 586-707; at most, it could have "copied" one brief sentence out of pages of text. As explained above, that sentence in itself is not properly copyrightable. Moreover, "[c]opyright does not protect individual words and 'fragmentary' phrases when removed from their form of presentation and compilation." *See Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1385 (7th Cir. 2007). Therefore, the infringement claim fails as a matter of law.

### 3. Substantial Similarity

Techny argues alternatively that even if the copyright registration did pertain to the sentence "May the strength of the Holy Spirit be with you, guiding you every day of your life," there is no substantial similarity between the plaintiff's work and Techny's work after all the unprotected elements are filtered out, and therefore there is no copying. A plaintiff alleging infringement "must separately prove . . . that the allegedly infringing work is indeed a copy of [the] original." *Peters,* 692 F.3d at 635. Direct evidence of copying is often unavailable, but copying may be inferred where "the defendant had the opportunity to copy the original (often called 'access') and . . . the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original." *Id.* at 633.

Access is not contested here, and on one level, PKI's "substantial similarity" argument seems to make little sense: the phrases in question are virtually identical. But whether substantial similarity exists turns on application of the "ordinary observer" test: "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of

9

substance and value." *Incredible Technologies, Inc. v. Virtual Technologies, Inc.,* 400 F.3d 1007, 1011 (7th Cir. 2005). In applying this test, courts must "heed the principle that, despite what the ordinary observer might see, the copyright laws preclude appropriation of *only those elements of the work that are protected by the copyright*." *Id*. (emphasis added). This means that unprotected, or unprotectable, elements of the work in question, even those that "are most significant and most clearly similar," are not taken into account. *See id.* at 1012. Here, when the portion of the expression at issue that is not copyrighted, or could not properly be copyrighted, is set aside, there is virtually nothing of PKI's allegedly protected work left to compare with Techny's version for substantial similarity.

The ordinary observer test reflects the fact that similarities between works carry less weight when their similar components are in common usage, and here the ubiquity of blessings invoking the strength and guidance of the Holy Spirit denudes the high degree of similarity between the phrases used by PKI and Techny of virtually all of the probative force that it would otherwise carry as to the issue of copying. Compositions may be coincidentally similar, yet independently created, particularly when there are numerous examples of other similar works or when the works represent something that is in the public domain or otherwise commonplace in society. *See, e.g., Peters,* 692 F.3d at 634-35 (ubiquity of aphorism "that which doesn't kill me makes me stronger" rebuts inference of copying); *id.* at 636 (analogizing generally to models as a shorthand for beauty is commonplace in our society and hence a factor for determining coincidental similarity)*; Johnson v. Gordon,* 409 F.3d 12, 24 (1st Cir. 2005) (use of common harmonic progression not probative of copying); *Acuff-Rose Music, Inc. v. Jostens, Inc.,* 155 F.3d 140, 144 (2d Cir. 1998) (affirming district court's conclusion that phrase "you've got to stand for something or you'll fall for anything" was too common to support inference of copying); *Granite*

*Music Corp. v. United Artists Corp.*, 532 F.2d 718, 720 (9th Cir. 1976) ("Evidence of similar musical phrases appearing in prior works is also logically relevant to rebut the inference of copying. Such evidence demonstrates that the musical language was of such ordinary and common occurrence that the probability of independent, coincidental production was great.").

PKI's claim fails to establish any substantial similarity between the elements of PKI's and Techny's works and therefore fails to plausibly allege that Techny copied PKI's work. Its claim for infringement of the TXu 586-707 copyright therefore fails on this score, too.

**B. DMCA Claim**

Techny also moves to dismiss in its entirety PKI's claim that Techny violated the DMCA, which states, in relevant part:

> No person shall, without the authority of the copyright owner or the law- (1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b).

The DMCA seeks to hamper copyright infringement in the digital age by protecting "copyright management information" (CMI) in various ways. *See* 17 U.S.C. § 1202. CMI, in turn, is defined as the information about the copyright that is "conveyed in connection with copies" of the work, including the title of the work, the author of the work, the name of the copyright owner, and identifying numbers or symbols referring to copyright information. *See* 17

11

U.S.C. § 1202(c). Specifically, the DMCA forbids distributing false CMI, removing or altering CMI, or distributing works knowing the CMI has been removed or altered. *See id.*

PKI's DCMA claim boils down two allegations: (1) that the defendants removed the CMI conveyed with PKI's poems when it copied the poems; and (2) the defendants provided false CMI on the pages selling the infringing products and in their general website terms and conditions, which make various statements about copyrights on the website.

**1. Removal of PKI's Conveyed CMI**

As to the first allegation, Techny asserts that PKI cannot sustain a claim pursuant to the DMCA because the material that Techny allegedly removed or altered is not CMI. Under the DMCA, "copyright management information" includes "any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form . . . (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright." *Cable v. Agence France Presse*, 728 F. Supp. 2d 977, 979 (N.D. Ill. 2010) (quoting 17 U.S.C. § 1202(c)). According to Techny, what PKI claims is CMI, based on the exhibits and allegations of the complaint, is not CMI.

In its response brief, PKI identifies three pieces of purported CMI that Techny removed when it "copied" the poems: the www.poetrygift.com name, the titles of the works (namely, "On Your Confirmation Day"), and the copyright notice on every page of the website. As Judge Kendal (the predecessor judge in this case) previously held, though, "Poetrygift.com cannot be CMI . . . because the copyright registrations attached to the complaint show PKI, not poetrygift.com, as the owner of the copyright." *Pers. Keepsakes, Inc. v.*

*Personalizationmall.com, Inc.,* 11 C 5177, 2012 WL 414803, at *6 (N.D. Ill. Feb. 8, 2012). "That makes poetrygift.com, at best, an indicator of the seller of the product, which says nothing about the copyright status of the product; in the same way, Amazon.com does not suggest that Amazon owns copyrights with respect to every product it sells." *Id*. Similarly, the titles cannot be CMI because the copyright registrations do not list the titles of the works as they appear on PKI's website; on the registrations, the copyrighted works are referred to as as "Personal Keepsakes VI," "Personal Keepsakes," and "Poetrygift.com 2009." *Id*.

Again, "the point of CMI is to inform the public that something is copyrighted and to prevent infringement." *Id*. In this case, if someone saw the excerpted poem, and then searched its title to see if it was copyrighted, the search would come up empty because the title of the work is not "On Your Confirmation Day" (or, "On Your Baptism Day" or "Baptism Gifts," etc.) for purposes of the copyright. "Allowing a plaintiff to make out a DMCA claim based on alleged CMI that does not link up in any way to the copyright registration is an invitation to unfair litigation against parties who have tried to tread carefully to avoid copyright infringement." *Id.*

A number of courts have held, persuasively, that "a defendant must remove the CMI from the 'body' or the 'area around' the work to violate DMCA." *Pers. Keepsakes,* 2012 WL 414803, at *7. *See Schiffer Publishing, Ltd. v. Chronicle Books, LLC,* No. 03 C 4962, 2004 WL 2583817, at *4 (E.D. Pa. Nov. 12, 2004) (finding no DMCA violation where a book contained 118 copyrighted photos with no CMI near them and the defendant had a general copyright notice on the whole book). As Judge Kendall noted, such a rule "is consistent with the text of the statute, which requires the CMI to be 'conveyed' with the copyrighted work." *Pers. Keepsakes*, 2012 WL 414803, at *7 (citing 17 U.S.C. § 1202(c)). *See also Kelly v. Arriba Soft Corp.,* 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999) *aff'd in part, rev'd in part,* 280 F.3d 934 (9th Cir. 2002) *opinion*

*withdrawn and superseded on denial of reh'g,* 336 F.3d 811 (9th Cir. 2003) *and aff'd in part, rev'd in part,* 336 F.3d 811 (9th Cir. 2003). In *Kelly,* the court held that CMI was not removed from a picture on a website when "the only CMI available appeared on the website in the surrounding text but not in the images themselves." The court went on to state "[b]ased on the language and structure of the statute, the Court holds this provision applies only to the removal of copyright management information *on a plaintiff's product or original work*"—in other words, not simply printed somewhere on the website. *Kelly*, 77 F. Supp. 2d at 1122.

Here, PKI is not asserting that its website was copied; its claims pertain to the content of its poems. But the only alleged CMI is on PKI's website, not the poems or phrases themselves. It reasonably follows no CMI information was removed from the poems. "Such a rule prevents a 'gotcha' system where a picture or piece of text has no CMI near it but the plaintiff relies on a general copyright notice buried elsewhere on the website." *Pers. Keepsakes,* 2012 WL 414803, at *7. PKI cannot base a DMCA claim on CMI that was not displayed on or with the allegedly copied works.

### 2. Providing False CMI

PKI also alleges that Techny posted a notice attributing copyright ownership in the infringed works to www.giftsforyounow.com or some other website(s) as the copyright claimant. (See Ex. K, Dkt. # 79-3). However, this copyright notice is not close to the poem; rather, it is at the bottom of every page of the website in the generic website footer. It is not "conveyed with" the poems and is not, therefore, false CMI with respect to the poems. *See* 17 U.S.C. § 1202(c); *Pers. Keepsakes,* 2012 WL 414803, at *7.

Where the only CMI displayed by Techny appears on the website's footer, not on the works or images themselves, the only conclusion the Court can reach about the copyright notice

14

at the bottom of Techny's www.giftsforyounow.com website is that it has some intellectual property rights in its own website, not that it is claiming ownership of a copyright to all of its products. Even if Techny were guilty of copying, it would not be liable for displaying false CMI for placing a generic copyright notice on the bottom of its webpage and not on each individual short phrase.

* * *

For the foregoing reasons, Techny's motion to dismiss is granted as to Count II in its entirety and Count I insofar as it pertains to the disputed portion of the registered copyright TXu 586-707, "May the strength of the Holy Spirit be with you, guiding you every day of your life."

Date: September 24, 2013

John J. Tharp, Jr.
United States District Judge